Cabell, J.
The court is of opinion, that, by the will of J. U. Blair, his real estate was charged with the payment of all his debts; Trent v. Trent's ex’x. &c. Gilm. 174. And as it would be against equity, that those who have the choice of two funds, should defeat the just claims of others, by selecting that which is the only fund accessible to others, the appellant, Mrs. Clarke, (formerly Lucy Collins) ought, on the principle of marshaling the assets, to be let in to have satisfaction out of the real estate of the testator, for her general and specific legacies, so far as the same have been broken in upon, or interfered with, by the application of the personal estate to the payment of any of the testator’s debts. Aldrich v. Cooper, 8 Ves. 382. 1 Madd. Chan. 615. and seq. and the cases there collected.
But this is not all; for the court is also of opinion, that, by the testator’s will, the pecuniary legacy of 1000 dollars to Miss Collins,.now Mrs. Clarke, is a direct and absolute charge upon his real estate, not indeed by the express terms of the will, but by strong and necessary implication. It appears from the commissioner’s report, that the whole of the personal estate did not amount to 1000 dollars; and the will shews that much of this was specifically bequeathed to Miss *491 Collins. The testator surely intended that she should have that. The whole of the personal estate was not much more than sufficient for the payment of the debts of the testator. Yet it was certainly his intention that Miss Collins, the solo object of his bounty, should have, in addition to the specific legacies, the sum of 1000 dollars, after the payment of all his debts. This object could not be accomplished but by resort to the real estate. Such must have been the intention of the testator; and that intention ought to be carried into effect. The case of Trent v. Trent’s ex’x. is a strong authority on this point also; for, in that case, the legacy or annuity to Mrs. Trent was not expressly charged on the real estate; yet this court held it to be charged thereon, by the intention of the testator implied from the known insufficiency of the personal estate.
On these grounds, the decree of the chancellor is reversed, and the cause remanded, to be finally proceeded in, according to the principles now declared.